J-S70042-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RICHARD GRANT, :
:
Appellant : No. 1412 EDA 2014

Appeal from the Order Entered March 20, 2014,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0005241-1999,
CP-09-CR-0005242-1999

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 09, 2014**

Richard Grant (Appellant) appeals *pro se* from the order entered March 20, 2014, which denied his "Petition for Credit for Time Served."  The lower court treated the petition as an untimely-filed petition pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

A panel of this Court previously summarized the background underlying this matter as follows:

> On December 9, 1999, Appellant was convicted by a jury of nine (9) counts of conspiracy (predicated on each of the completed crimes), two (2) counts each of false imprisonment and recklessly endangering another person, and one (1) count each of robbery, simple assault, aggravated assault, theft by unlawful taking, firearms not be carried without a license, terroristic threats, and delivery of a controlled substance. Additionally, before trial, Appellant pleaded guilty to a delivery of marijuana charge. On February 4, 2000, Appellant was

---

[1] 42 Pa. C.S. §§ 9541-9546.

* Retired Senior Judge assigned to the Superior Court.

sentenced to serve not less than fifteen (15) nor more than thirty-two (32) years for the above convictions and he also received a consecutive sentence of not less than one (1) nor more than two (2) years for the prior delivery of marijuana conviction. Appellant filed a timely motion for reconsideration of sentence, the trial court held a hearing on April 14, 2000, and denied Appellant's motion.

Appellant then discharged his privately retained counsel, and a public defender from the Bucks County Public Defender's Office was appointed to represent him in his first appeal to this Court. On August 27, 2001, we affirmed the trial court's judgment of sentence, and Appellant's counsel failed to file a timely petition for allowance of appeal to the Pennsylvania Supreme Court. On November 29, 2002, Appellant filed a petition under the PCRA requesting *nunc pro tunc* relief to file a petition for allowance of appeal to our Supreme Court. On December 17, 2002, the PCRA court appointed new counsel. On September 5, 2003, the PCRA court granted relief to file a petition for allowance of appeal to our Supreme Court *nunc pro tunc* due to the ineffectiveness of Appellant's original appellate counsel, who failed to file a timely petition. On December 19, 2003, our Supreme Court denied Appellant's petition for allowance of appeal without stating a reason for its denial. On May 28, 2004, Appellant filed another petition under the PCRA. On June 1, 2004, pursuant to Appellant's second PCRA petition, the trial court appointed new counsel. On August 17, 2004, Appellant filed a memorandum of law requesting leave to amend his PCRA petition. As a result of Appellant expressing dissatisfaction with appointed counsel's disinclination to request a hearing, the PCRA court appointed yet another new counsel. The PCRA court scheduled a hearing upon this counsel's motion, and hearings were held March 1 and March 3, 2005. By an order dated March 3, 2005, the PCRA court denied Appellant's request for post conviction collateral relief.

*Commonwealth v. Grant*, 897 A.2d 517 (Pa. Super. 2006) (unpublished memorandum at 1-3) (footnotes omitted).

Appellant subsequently appealed to this Court. On February 8, 2006, this Court affirmed the PCRA court's order on the basis that Appellant untimely filed his petition. *Id.*

Appellant then filed a Petition for Credit for Time Served with the lower court. The petition was docketed on March 18, 2013; the Certificate of Service attached to the petition is dated November 1, 2012; and the envelope attached to the petition has a postage stamp of October 31, 2012. When the lower court failed to act on the petition, Appellant sought mandamus relief in the Pennsylvania Supreme Court. On December 5, 2013, the Supreme Court directed the lower court to dispose of the petition within 90 days. On February 6, 2014, the lower court held a hearing on the petition. At the hearing, the Commonwealth argued, *inter alia*, that the court should treat Appellant's petition as an untimely-filed PCRA petition.

The lower court ultimately treated Appellant's Petition for Credit for Time Served as a PCRA petition. By order entered March 20, 2014, the lower court denied Appellant's petition as untimely filed. Appellant timely filed the instant appeal. Both the lower court and Appellant have complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant raises the following issues for our consideration:

---

[2] In its Pa.R.A.P. 1925(a) opinion, the lower court concluded that Appellant failed to file timely a 1925(b) statement. The record, however, belies that conclusion. By order dated May 23, 2014, the lower court directed Appellant to file a 1925(b) statement within 21 days after entry of the order. The docket reflects that Appellant filed his 1925(b) statement on June 5, 2014, well within the 21-day time limitation.

1. Did the trial court err by denying the Appellant's [Petition] for Credit for Time Served?

2. Is the Appellant entitled, pursuant to 42 Pa. C.S.[ §] 9760(1), to the requested time credit?

Appellant's Brief at 6.

In his first issue, Appellant argues that the lower court improperly treated his petition as a PCRA petition, rather than a post-sentence motion. In the alternative, Appellant appears to contend that the lower court failed to comply with the notice requirements of Pa.R.Crim.P. 907.

It is well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002). Moreover, "[a]n appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence" and is cognizable under the PCRA. *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). Because Appellant's petition claimed that the sentencing court failed to award him credit for time served, the lower court properly treated the petition as a PCRA petition.

Moreover, the lower court was not required to comply with the notice provisions of Pa.R.Crim.P. 907, as they only apply when a court seeks to dismiss a PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1) (providing that, when a judge seeks to dismiss a PCRA petition without a

hearing, the judge must "give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal"). Because the lower court held a hearing on Appellant's petition, Appellant's argument in this regard is without merit.

We now address whether the lower court erred in concluding that Appellant's PCRA petition was untimely filed.[3] Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

---

[3] "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 224 (Pa. 1999).

This Court previously decided that Appellant's judgment of sentence became final on September 26, 2001.[4] Thus, Appellant had until September 26, 2002, to file timely a PCRA petition. Giving Appellant the benefit of the prisoner mailbox rule,[5] the earliest possible date Appellant's petition could have been deemed to have been filed is October 31, 2012. Even with a filing date of October 31, 2012, Appellant untimely filed the petition, unless the petition alleged and Appellant offered to prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's petition did not plead any of these exceptions. In his appellate brief, Appellant claims that he timely filed his petition pursuant to the exceptions at 42 Pa.C.S. § 9545(b)(1)(i) and (ii). These claims are

---

[4] **Commonwealth v. Grant**, 897 A.2d 517 (Pa. Super. 2006) (unpublished memorandum at 7).

[5] "[I]n the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011).

waived. ***See Commonwealth v. Blackwell***, 936 A.2d 497, 500 (Pa. Super. 2007) (stating that "failure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal"). For these reasons, we conclude that the lower court properly denied Appellant's petition. Accordingly, we affirm the lower court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014