COMMONWEALTH of Pennsylvania, Appellee

v.

Tramayne BLACKWELL, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 3, 2006.

Filed Oct. 18, 2007.

Tramayne Blackwell, appellant, Pro Se.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

* Retired Judge assigned to Superior Court.

1. On July 27, 2006, we granted panel reconsideration of our reversal of the order of the PCRA court and our remand of the case for an evidentiary hearing, and the parties sub-

BEFORE: KLEIN, KELLY, and ANTHONY,* JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Tramayne Blackwell, appeals from the order of the Philadelphia County Court of Common Pleas,[1] dismissing his petition under the Post Conviction Relief Act (PCRA).[2] In this case, in dismissing Appellant's first PCRA petition, the trial court erroneously informed him that his counsel had withdrawn from representation, when counsel had not. Appellant did not appeal from the dismissal, but filed a second PCRA petition, and then unsuccessfully sought to withdraw it. Appellant then filed the petition, at review in the instant appeal, which the trial court dismissed as untimely. We find that the procedural errors in this case warrant leeway in reviewing the timeliness of his claims, and hold that Appellant's request to withdraw his petition should have been granted, **and** should have been treated as a timely-filed PCRA petition itself. Accordingly, we reverse and remand.

¶ 2 On August 2, 2001, Appellant was convicted of first-degree murder and possessing an instrument of crime.[3] He was sentenced to life imprisonment without parole and a concurrent 2½ to 5 years' term. Appellant did not file a direct appeal; however, he filed a PCRA petition, and the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. On September 10, 2003, this Court affirmed the judgment of sentence and dismissed Appellant's ineffective assistance of counsel claim without prejudice. *Commonwealth v. Blackwell*, 835 A.2d 827 (Pa.Super.2003)

mitted reargument briefs, generating this opinion.

2. 42 Pa.C.S.A. §§ 9541–9546.

3. 18 Pa.C.S.A. §§ 2502(a), 907(b).

(unpublished memorandum). Appellant did not seek allowance of appeal with the Supreme Court of Pennsylvania.

¶ 3 On February 24, 2004, privately retained counsel filed a PCRA petition on Appellant's behalf, asserting trial counsel's ineffectiveness for failing to call certain witnesses at trial who would allegedly establish that person other than Appellant fatally shot the victim. Because Appellant's direct appeal rights had been restored *nunc pro tunc*, the PCRA court properly treated this petition as his first under the PCRA.[4] Although the PCRA court scheduled three hearings, each of which was rescheduled due to counsel's failure to appear, on November 16, 2004 the court gave notice of its intent to dismiss the petition without a hearing because Appellant had attached to his petition only one supporting affidavit for a potential witness, whose proposed evidence was not exculpatory. Appellant filed a *pro se* response to the notice, and on December 17, 2004, the PCRA court dismissed the petition. However, the letter notifying Appellant of the order erroneously stated that his counsel had filed a *Turner/Finley*[5] letter and that he was not entitled to appointed counsel, although in actuality Appellant's counsel had not sought to withdraw from representation. Appellant did not appeal.

¶ 4 On January 7, 2005, Appellant mailed the instant *pro se* PCRA petition, his second, seeking reinstatement of his PCRA appeal rights *nunc pro tunc* by alleging further claims of ineffective assistance by trial counsel, and new claims of ineffective assistance by PCRA counsel.

On April 14, 2005, the PCRA court sent notice of its intent to dismiss the petition without a hearing. Appellant responded by letter requesting withdrawal of the instant petition, but continuing to request reinstatement of his PCRA appeal rights *nunc pro tunc*. On July 7, 2005, the court dismissed the petition as untimely. This appeal followed.

¶ 5 We note,

[O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Brooks*, 875 A.2d 1141, 1144 (Pa.Super.2005) (quoting *Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa.Super.2005), *appeal denied*, 583 Pa. 669, 876 A.2d 393 (2005)).

¶ 6 We first consider whether the PCRA court erred in finding that the instant PCRA petition was untimely, as the timeliness of the petition implicates our jurisdiction. *See* 42 Pa.C.S.A. § 9545(b). Appellant's judgment of sentence became final on October 10, 2003, thirty days after this Court affirmed his judgment of sentence on direct appeal *nunc pro tunc*. He was thus required to file any PCRA petition by October 12, 2004.[6] *See* 42 Pa.C.S.A. § 9545(b)(1). The instant petition was

**4.** *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa.Super.2003) (noting that upon restoration of direct appeal rights *nunc pro tunc*, subsequent PCRA petition will be considered first petition for timeliness purposes).

**5.** *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) *(en banc)*.

**6.** October 10, 2004, fell on a Sunday and October 11, 2004 was a holiday.

mailed on January 7, 2005, nearly three months after the section 9545(b) deadline. Thus, on its face, the petition was untimely.

¶ 7 An otherwise untimely PCRA petition may be reviewed, however, when a petitioner invokes and pleads one of the exceptions provided in section 9545(b)(1). *See* 42 Pa.C.S.A. § 9545(b)(i)-(iii). It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261–62 (1999). Appellant marked the box on his second PCRA petition invoking the government interference exception, but offered no further discussion of this issue, in contravention of his burden to both plead and prove the exception should apply. Normally, failure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal. *See Commonwealth v. Williams*, 587 Pa. 304, 899 A.2d 1060, 1066 n. 5 (2006) (citing *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916, 921 n. 5 (1999)). Appellant argues, however, that at the time he filed the petition, he believed that counsel had in fact withdrawn. *(See* Appellant's Counseled Supplemental Brief, at 11). The Supreme Court of Pennsylvania has recently noted that it has "allowed PCRA petitioners some leeway in the preservation of claims in their petitions when [the Court] determined that the circumstances demanded it." *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) (citing and quoting *Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014 (2003), and *Commonwealth v. Hernandez*, 572 Pa. 477, 817 A.2d 479 (2003)).

¶ 8 We find that the instant circumstances warrant such leeway. The procedural errors in this case are significant. Notwithstanding the allegations that PCRA counsel failed to appear at scheduled hearings, the PCRA court clearly erred when it notified Appellant that counsel had filed a *Turner/Finley* letter seeking to withdraw from representation. It is undisputed that no such letter was filed, and our review of the record reveals that no order was entered permitting counsel's withdrawal. In fact, in his *pro se* response to the PCRA court's Rule 907 notice regarding the instant petition, Appellant quotes the court as stating that the April 13, 2005 hearing was postponed because it "still ha[d]n't received a Finley letter from [PCRA counsel]." (Appellant's Response to Notice Pursuant to Pa.R.Crim.P. 907, filed 5/9/05, at 6). Although PCRA counsel was sent both the erroneous notice from December 2004 and the Rule 907 notice from April 2005, the record contains no indication that counsel sought to correct the error. Indeed, Appellant has consistently maintained that counsel not only failed to answer his calls regarding the non-existent *Turner/Finley* letter, but that counsel did not act at all on Appellant's behalf, except to file the initial petition.

¶ 9 Moreover, in his *pro se* response to the April 2005 Rule 907 notice, Appellant, having concluded that PCRA counsel would offer no assistance and having been told by the PCRA court that it would not appoint counsel, sought to withdraw the instant petition in order to request *nunc pro tunc* restoration of his PCRA appeal rights. *(See id.* at 6–7). Appellant listed several reasons for seeking withdrawal of his petition, namely that the PCRA court's December 2004 notice "sabotage[d] his own case," and that "[i]t was only because [he] was misled by [the PCRA court] to believe that he no longer had representation that [he] made attempts to protect himself by filing a second P.C.R.A. petition that he now requests this [c]ourt to withdraw, remove from the record, and disregard." *(Id.* at 6).

¶ 10 Pennsylvania Rule of Criminal Procedure 905(A) provides: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed **to achieve substantial justice**." Pa.R.Crim.P. 905(A) (emphasis added). Rule 905 "indicates the desire of [the Supreme] Court to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." *McGill, supra* at 1024.

¶ 11 It is clear that Appellant, before the instant petition was formally dismissed, sought to withdraw the petition so that he could allege the government interference exception. Although his request for *nunc pro tunc* restoration of his PCRA appellate rights was improper form, our courts have consistently treated such requests as a PCRA petition. *See, e.g., Commonwealth v. Fairiror,* 809 A.2d 396, 397 (Pa.Super.2002), *appeal denied,* 573 Pa. 703, 827 A.2d 429 (2003). Thus, Appellant's May 2005 response to the PCRA court's Rule 907 notice should have been treated as a petition to withdraw his January 2005 PCRA petition **and** a new PCRA petition alleging the government interference exception. Accordingly, we conclude that the PCRA court erred in failing to respond appropriately to Appellant's requests. *See* Pa.R.Crim.P. 905(A); *Bennett, supra; McGill, supra.*

¶ 12 Having concluded that Appellant's second petition should have been withdrawn, we turn to his May 2005 letter requesting withdrawal of the January 2005 PCRA, which we hereinafter refer to as his third PCRA petition. Obviously, this petition is also untimely on its face. Accordingly, we examine whether any of the timeliness exceptions apply.

¶ 13 In relevant part, PCRA Section 9545(b)(1) permits an untimely petition when it alleges:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii). "Any petition invoking an exception ... shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant's third petition pleaded the government interference exception, claiming that the combination of events after his first PCRA petition was filed, culminating in the PCRA court's erroneous notice from December 2004, prevented him from raising his ineffective assistance of trial counsel claims properly. We agree.

¶ 14 Specifically, Appellant pleaded the following:

[The PCRA court] conducted [three] evidentiary hearings without petitioner's knowledge. . . . In fact, petitioner had no knowledge that these hearings were being held or even scheduled. Had it not been for this Honorable Court's **April 14, 2005** notice with intent to dismiss under rule 907, petitioner would have never known of these hearings ever having taken place.

\* \* \*

[O]nce [PCRA counsel] was hired, until this day, [he] has never once accepted a telephone call from petitioner, never visited with petitioner, never responded to

any of petitioner's letters and[/]or requests to him.

\* \* \*

Upon receipt of [the December 2004] letter, and for days to follow, petitioner made numerous attempts to once again speak with his [PCRA counsel] by calling his office at least once a day for the following week, also by writing to his office begging for a response.

\* \* \*

[Since receiving the PCRA court's December 2004 notice], petitioner has not received any information of proof from [PCRA counsel] stating that he has removed himself from this case.

\* \* \*

[The PCRA court] sent petitioner a letter stating that [PCRA counsel] placed in a Finley Letter pulling himself off of the case, yet in this most recent notice to dismiss on **April 14, 2005,** [PCRA counsel] is still on record as petitioner's attorney. In fact, on Wednesday, April 13, 2005, there was a hearing on petitioner's case in the [ ] court room where [PCRA counsel] once again failed to appear and [the PCRA court] stated that "she would be postponing the hearing until May 23, 2005 because [she] still ha[d]n't received a Finley Letter from [PCRA counsel]."

(Appellant's Response to Notice Pursuant to Pa.R.Crim.P. 907, at 2, 3, 4, 6) (emphases added). Appellant thus pleaded in his May 2005 petition that despite his efforts to seek clarification, he was unable to discover that PCRA counsel had not in fact withdrawn until April 2005, when the PCRA court indicated it had not received the withdrawal letter, and Appellant became aware that PCRA counsel's name appeared on the April 2005 Rule 907 no-

tice. Appellant thus demonstrated his diligence in attempting to ascertain facts which were unknown to him, and his May 2005 petition containing these assertions was filed within 60 days of the April 2005 hearing at which he first discovered the PCRA court's error. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii), (2).

¶ 15 The PCRA court's erroneous notification to Appellant that PCRA counsel had withdrawn amounted to governmental interference. The Commonwealth argues that because the December 2004 notice specifically provided that Appellant could appeal the petition's dismissal *pro se,* he cannot claim that the court interfered with his right to appeal. We find no merit in the Commonwealth's claim. Even a well-versed petitioner would have been confused by the events that transpired after his first petition was filed. Evidentiary hearings were scheduled without Appellant's knowledge, the results of these proceedings were undisclosed to him, and PCRA counsel did not consult with him on the status of his petition. Appellant's first notification of the status of his petition occurred on November 16, 2004, when the PCRA court issued a Rule 907 notice, with no indication that counsel would or had withdrawn. Appellant sent a response, but on December 17, 2004, having received no notice from counsel of an attempt to withdraw, and having received no information concerning the procedure to follow once counsel seeks to withdraw, Appellant learned from the PCRA court that counsel withdrew. We note that if the PCRA court had permitted counsel to withdraw, such an order would have been improper because of counsel's failure to send proper notification to Appellant, including instructions as to how Appellant could proceed with his petition. *See Commonwealth v. Friend,* 896 A.2d 607, 615 (Pa.Super.2006) (requiring counsel to send to petitioner

copy of no-merit letter, copy of petition to withdraw, and statement advising petitioner of right to proceed *pro se* or by new counsel). Thus, after receiving the December 2004 notice, Appellant justifiably attempted to contact counsel to clarify his situation. Having failed to reach counsel, Appellant filed the second petition, which he asserts was submitted because he "truly believ(ed) that this was his notice of appeal to the Superior Court of Pennsylvania." (Appellant's Response to Notice Pursuant to Pa.R.Crim.P. 907, at 5). Given the procedural quagmire in which Appellant found himself, specifically because of PCRA counsel's nonfeasance, we cannot fault him for filing the second PCRA petition in lieu of a notice of appeal.

¶ 16 Moreover, section 9545(b)(1)(ii), the newly discovered facts exception, also applies to Appellant's case. In *Bennett, supra*, our Supreme Court recently determined that a section 9545(b)(1)(ii) analysis need simply inquire whether: "1) 'the **facts** upon which the claim was predicated were **unknown**' and 2) 'could not have been ascertained by the exercise of **due diligence.'** " *Bennett, supra* at 1270 (quoting 42 Pa.C.S.A. § 9545(b)(1)(ii)) (emphasis in *Bennett*). Applying *Bennett* to the instant case, the claim Appellant attempts to raise in his third petition is whether the PCRA court erred in notifying him that PCRA counsel had withdrawn, the truth of which he was unable to discover until April 2005, thus satisfying the first element. As we noted earlier, Appellant also noted his diligent attempts to clarify counsel's status. We conclude that Appellant has satisfied subsections (i) and (ii) of Section 9545(b)(1).

¶ 17 Accordingly, we reverse the order dismissing Appellant's January 2005 peti-

tion. On remand, the PCRA court shall permit Appellant to withdraw that petition. Appellant's May 2005 response letter shall be treated as a timely filed third petition. The PCRA court shall conduct evidentiary hearings on Appellant's ineffective assistance of PCRA counsel claims, whether or why PCRA counsel: (1) failed to appear at any scheduled evidentiary hearing; (2) failed to consult with Appellant at any point after accepting his money; (3) did not correct the PCRA court's erroneous notice indicating that counsel had withdrawn; and (4) whether PCRA counsel effectively abandoned Appellant, leaving him without mandatory representation on his first petition. Should PCRA counsel be found ineffective, then relief shall be granted and Appellant permitted to pursue his ineffective assistance of trial counsel claims.[7]

¶ 18 Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

7. We note that Appellant was appointed new counsel for purposes of this appeal. Unless otherwise ordered by the trial court, current counsel's representation should extend to the proceedings on remand.