J-S79016-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME KING, | : | |
| | : | |
| Appellant | : | No. 3136 EDA 2013 |

Appeal from the PCRA Order of October 18, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0401961-2006

BEFORE:    ALLEN, OLSON, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY: STRASSBURGER, J.:**FILED FEBRUARY 24, 2015**

Because there is no arguable merit to Appellant's contention that trial counsel was ineffective, I concur and offer the following analysis.

In **Commonwealth v. Penn**, 562 A.2d 833 (Pa. Super. 1989), a panel of this Court held that

> the trial court abused its discretion in failing to examine [the witness] for itself, *in camera* if necessary, in order to access his credibility and to determine the nature, extent, and impact of any attempts to intimidate [the witness] and prevent or alter his testimony, **or to otherwise make specific factual determinations based upon sufficiently reliable information which would support a conclusion that important interests existed which would justify the partial closure ordered**.

*Id*. at 839 (emphasis added).

In this case, the trial court held an in camera hearing with the detective, Detective Burns, involved in the case.  Detective Burns told the

*Retired Senior Judge assigned to the Superior Court.

trial court that he has been involved "in excess of 20 murders and instances where three witnesses have been killed." N.T., 2/26/2008, at 145. More specifically, Detective Burns told the trial court that these murders occurred within "a particular group, of which we believe [Appellant] to be a part of." *Id*. With respect to Kinnard, Detective Burns stated that that Kinnard "was a cooperating witness on another murder, he has since been relocated, he was fine up until quite frankly he saw people in the gallery, and he's just, for lack of a better word, scared out of his mind right now for that reason." *Id*. at 147. Based on that hearing, the trial court concluded that it was appropriate to clear the courtroom during Kinnard's testimony.

I see no abuse of discretion in the way in which the trial court handled the courtroom closure and do not read *Penn* to say that the trial court must interview the witness prior to ordering a closure or partial closure of the courtroom. Rather, Penn holds that the trial court needs more than representations by the Commonwealth before ordering the closure. Accordingly, because the trial court did not abuse its discretion, there is no arguable merit to the proposition that trial counsel was ineffective.[1] On that basis, I would affirm the PCRA court's order.

---

[1] I recognize that the PCRA court held that the trial court erred in closing the courtroom, but such error did not prejudice Appellant, and therefore trial counsel was not ineffective. However, it is well settled that this Court may affirm and order of the PCRA court on any basis appearing in the record. *See Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007)

("[W]e may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.").