J-S29038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOMMIE JONATHAN ELDER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1673 WDA 2015 |

Appeal from the PCRA Order October 6, 2015
in the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000236-2013

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED SEPTEMBER 20, 2016**

Appellant, Tommie Jonathan Elder, appeals from the order of the Jefferson County Court of Common Pleas dismissing his first Post Conviction Relief Act ("PCRA") petition as untimely. Appellant claims that the PCRA court erred in rejecting his claim his petition was timely after he discovered prior counsel abandoned him. We remand this matter for a determination of responsibility for the failure to transmit a complete record in this appeal.

On November 6, 2013, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse with a child.[1] That same day, the trial court sentenced him to ten to thirty years' imprisonment, as agreed to by

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(b).

the parties.[2]  Appellant was represented by Richard H. Milgrub, Esq. at the

plea and sentencing proceedings.

The PCRA summarized the events that followed Appellant's sentencing.

[On November 22, 2013, Appellant] sent a letter to [Attorney] Milgrub that read, "I am writing to inform you that I want you to withdraw my guilty plea. I am not guilty of the charges that are brought against me and I feel that I was pressured to accept my sentence."

In response to [Appellant's] claim, [Attorney] Milgrub immediately sent letters to the Court and Public Defender's Office [on November 26, 2013,] explaining the situation and his intended course of action. [On November 27, 2013, Attorney Milgrub] also filed a *nunc pro tunc* motion seeking leave for [Appellant] to withdraw his guilty plea and a motion to withdraw as counsel and have [John M. Ingros of] the Public Defender's Office appointed to the case. [That same day, Attorney Milgrub] sent a letter to [Appellant] explaining what he was doing and advising him to seek alternate representation. He further informed [Appellant] that he had only 30 days from the date of sentencing to file an appeal and concluded, "If I don't hear from you, I will file an appeal to protect your appellant [sic] rights and withdraw as your counsel shortly thereafter." [Appellant] did not respond.

As the record reflects, [Attorney] Milgrub did not even allow time for [Appellant] to receive the letter before filing his motion to withdraw as counsel, and nor did he file a notice of appeal with the Clerk of Courts' Office. Appointed to represent [Appellant] just two days before his appeal

---

[2] **See** 18 Pa.C.S. § 3123(d)(1) (authorizing maximum sentence of forty years for a violation of Section 3123(b)). We note that the United States Supreme Court decided **Alleyne v. United States**, 133 S. Ct. 2151 (2013), on June 17, 2013, almost five months before Appellant entered his plea and was sentenced. The PCRA court suggested that Attorney Milgrub "presumably knew that 42 Pa.C.S.A. § 9718 dictated [the ten-year minimum sentence] but was unaware of the future implications [of **Alleyne**] . . . ." PCRA Ct. Op., 10/6/15, at 2.

period was set to expire, Attorney Ingros did not file one, either, as Milgrub had led him to believe it had already been done. Accordingly, [Attorney] Ingros only instructed his secretary to expect further direction from Superior Court.

After receiving a letter from [Appellant] in July of 2014, [Attorney] Ingros discovered that [Attorney] Milgrub had not filed a notice of appeal. Based on what [Appellant] told him in that initial missive, however, [Attorney] Ingros advised him that the Post Conviction Relief Act was the more appropriate mechanism for seeking review. He also asked the defendant to more clearly articulate the issues he would raise if he went that route, and in letters dated October 13 and October 14, 2014, [Appellant] did precisely that. [Attorney] Ingros did not receive either one, though. He then forgot about the case until receiving [Appellant's] letter asking about the status of his PCRA petition. [Attorney] Ingros answered him on January 23, 2015, explaining that he had not received his earlier correspondence and asking him to reiterate his claims. He also noted that he would be requesting an extension of time to file a PCRA petition. [Appellant, on February 20, 2015,] replied with a hand-written letter outlining his complaints anew. He knew as he drafted it that Ingros was awaiting his reply before filing.

PCRA Ct. Op. at 2-3 (record citations omitted).

On June 29, 2015, the PCRA court received Appellant's first *pro se* PCRA petition. Appellant alleged, *inter alia*, Attorney Ingros was ineffective and abandoned him when he sought to file a facially timely PCRA petition. Additionally, Appellant asserted Attorney Milgrub was ineffective for failing to seek withdrawal of his plea or filing a direct appeal. The PCRA court appointed George N. Daghir, Esq., on July 7, 2015. On September 24, 2015, the court convened a hearing at which Appellant and Attorneys

Milgrub and Ingros testified. Additionally, the correspondence between Appellant and Attorneys Milgrub and Ingros were presented exhibits.

On October 6, 2015, the PCRA court dismissed Appellant's petition as untimely. The PCRA court concluded that "[Attorney] Ingros's abandonment does not allow [Appellant] to take advantage of the § 9545(b)(1)(ii) exception, because it was not that abandonment that caused him to lose the opportunity to file a PCRA petition; it was his own lack of due diligence." **See** PCRA Ct. Op. at 5. The court found that by October 2014, Appellant was informed that the one-year time-bar for filing a PCRA petition would expire in early December 2014. **Id.** The court determined that Appellant had "approximately 8 weeks to file. Although he had not heard back from [Attorney] Ingros, however, he failed to inquire about the status of his case until it was already 7 days too late to file a timely petition. This was an unreasonable course of action." **Id.** The court thus suggested that Attorney Ingros's "actions evolved into abandonment" on December 6, 2014, when he failed to file a facially timely PCRA petition, and Appellant "forfeited his PCRA rights." **See id.**

The PCRA court also proceeded to consider whether Appellant acted within sixty days of the abandonment. **Id.** (discussing 42 Pa.C.S. § 9545(b)(2)). The court suggested that even if Appellant only discovered the abandonment after December 6, 2014, the fact that he filed his *pro se* PCRA petition in June 2015, violated the requirement that he file within sixty days

- 4 -

of the date he discovered or should have discovered the abandonment. *Id.* The court found Appellant's assertion that he could not have filed earlier due to a two-month prison lockdown was not credible or was too vague to establish due diligence. *Id.* Thus, the court found Appellant failed to establish jurisdiction under the PCRA.

Appellant timely filed a notice of appeal and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement. The court permitted Appellant to proceed *in forma pauperis*.

Appellant presents the following question for review:

> Did the [PCRA] court err in its [October 6, 2015] opinion and order, which dismissed [Appellant's] PCRA claim that abandonment of him by prior counsel entitled him to file a [PCRA] petition beyond one year from the date his judgment became final pursuant to 42 Pa.C.S.A. Sec. 9545(b)(1)(ii)?

Appellant's Brief at 4.

The principles governing our review are well settled.

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.

*Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) (citations omitted).

The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

The general rule is that ineffective assistance of counsel will not give rise to a PCRA time-bar exception. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000); *see also* 42 Pa.C.S. § 9545(b)(4) (indicating that the interference by government officials exception to the PCRA time bar does not include "defense counsel, whether appointed or retained"). However, the Pennsylvania Supreme Court has recognized a limited "extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control"—that is, when the claim of ineffectiveness "emanates from the complete denial of counsel." *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007). Thus, the general rule set forth in *Gamboa-Taylor* "does not apply to situations when counsel abandons his client for purposes of appeal." *Id.*

Instantly, Appellant's judgment of sentence became final on December 6, 2013, when the time for taking a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 903(a). The one-year period for filing a facially timely PCRA petition ended Monday, December 8, 2014. *See* 42 Pa.C.S. § 9545(b)(1); *see also* 1 Pa.C.S. § 1908. Thus, Appellant's petition filed in late June 2015, nearly seven months later, was untimely on its face.

The principal argument on appeal is whether Appellant should have known that he was abandoned as of December 8, 2014. The PCRA court concludes Appellant failed to exercise due diligence because he was aware of

the one-year deadline for filing a timely PCRA petition and failed to contact Attorney Ingros before the December 8, 2014 deadline. Appellant responds that there was no support for the court's determination that he was aware that the deadline was jurisdictional in nature. Appellant further seeks to support his claim that he timely filed his petition because he continued to rely on Attorney Ingros's representation that counsel could obtain an extension of time for him and would file a PCRA petition on his behalf.

Preliminarily, we note that Appellant has demonstrated not only PCRA counsel's passive neglect, *i.e.* the failure to file a timely PCRA petition, but also possible misrepresentations, *i.e.* counsel's representations that he could obtain an extension of time.[3] Under these circumstances, we agree with Appellant that careful consideration of Attorney Ingros's representations after the PCRA's one-year filing requirement is critical to determining whether he acted diligently in discovering PCRA counsel's abandonment. *See Bennett*, 930 A.2d at 1275.

However, Appellant's brief mentions that "PCRA counsel, despite request for transcripts made at time of filing the Notice of Appeal was not in possession of the 9-24-2015 evidentiary hearing transcripts at the time of filing the within brief." Appellant's Brief at 14. This Court made an informal

---

[3] Neither the PCRA court nor Appellant addressed whether Attorney Ingros should have held himself out as possible PCRA counsel for Appellant in the first instance. We note that because Attorney Ingros was apparently acting as direct appeal counsel, he would have had to claim his own inattentiveness in an initial PCRA petition seeking reinstatement of Appellant's direct appeal.

inquiry regarding the status of the transcript. We received indication that the transcript of the PCRA hearing was not prepared because the stenographer had not received payment.

It is well settled that an appellant bears the burden of ensuring that this Court has a complete record for review, even if he is indigent. *See Commonwealth v. Lesko*, 15 A.3d 345, 410 (Pa. 2011); *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*). The *Lesko* Court recognized, however, that "if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs." *Lesko*, 15 A.3d at 410.

Although PCRA counsel complied with the threshold requirement that he request the record, he inexplicably took no further action after receiving notice that no transcript of the PCRA hearing was included in the record. He apparently prepared his brief based on his recollection of the PCRA hearing. *See* Appellant's Brief at 10. Nevertheless, we note that Appellant was granted *in forma pauperis* status, but that the preparation of the transcript may have been delayed due to a payment issue. In light of this controversy, we remand this matter for a supplemental determination by the PCRA court regarding responsibility for the failure to include the transcripts in the record. If the court determines that PCRA counsel was not at fault for the inclusion of the transcripts and the exhibits admitted at the PCRA hearing, the court shall transmit those materials as a supplemental record. If the

court finds PCRA counsel was at fault, it shall enter its findings and conclusions and transmit them to this Court. The court shall comply with these instructions within thirty days of this memorandum.

Case remanded. Jurisdiction retained.