J-S76036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY PRICE | |
| Appellant | No. 298 EDA 2016 |

Appeal from the PCRA Order January 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0806701-2005

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED NOVEMBER 09, 2016**

Gregory Price ("Appellant") appeals from the order of January 8, 2016, dismissing his first petition for post-conviction collateral relief.[1]  After careful review, we affirm.

In summarizing the history of Appellant's third-degree murder, attempted murder, aggravated assault, and conspiracy case involving two victims, the PCRA court has reproduced the trial court's Pa.R.A.P. 1925(a) opinion, which, we noted on direct appeal, "set forth in great detail a comprehensive recitation of the underlying facts and procedural history of the matter[.]"  ***Commonwealth v. Price***, No. 3208 EDA 2008, unpublished memorandum at 1. (Pa.Super. filed October 21, 2010).  As Appellant has

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Post-Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

appended the PCRA court's opinion to his appellate brief, we need not reproduce the lengthy recitation of fact and procedural history appearing on therein. **See** PCRA Court Opinion, filed 3/29/16 at 1-8.

As for the procedural history of Appellant's PCRA petition, the court notes the following:

> On April 20, 2011, Appellant filed a timely *pro se* petition for post-conviction relief. Counsel was appointed and filed an amended petition claiming that Appellant is entitled to PCRA relief because of the ineffective assistance of counsel for failing to call witnesses that were known to be available, the testimony of whom would have changed the outcome of the trial and for failing to request a polluted sourced instruction with regard to witness Abdul Torrence.[] The Commonwealth responded with a motion to dismiss indicating that Appellant had failed to demonstrate that he is entitled to relief. Following a thorough independent review of the submissions of both counsel, the record, and the controlling law, the [PCRA] court determined that Appellant was not entitled to PCRA relief. On January 8, 2016, following proper notice, Appellant's PCRA petition was formally dismissed. This appeal followed.

**Id.** at 8.

Appellant presents the following question for our review:

> **I.** Is the Defendant/Appellant entitled to a remand to the PCRA Court so that that Court can entertain a full evidentiary hearing on the issues presented by the Defendant to the PCRA Court?

Appellant's brief at 3.

Initially, we recite our standard of review:

We have explained:

> [This Court's] scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.

*Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007).

This Court has acknowledged that the right to an evidentiary hearing is not absolute in PCRA proceedings. *See*, *e.g., Commonwealth v. White*, 647 A.2d 253, 256 (Pa. Super. 1996). A hearing may be denied when petitioner's claim is "patently frivolous and without a trace of support either in the record or from other evidence." *Id.* When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citing *Commonwealth v. Hardcastle*, 701 A.2d 541, 542-43 (Pa. 1997)).

On an ineffective assistance of counsel claim, the standard a petitioner must meet for PCRA relief is well-settled:

> A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in [42 Pa.C.S.A. § 9542]. One of the grounds enumerated in [42 Pa.C.S.A. § 9542] involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences resulted from ineffective

- 3 -

assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The Supreme Court of Pennsylvania has interpreted that to mean that in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove that: 1) the claim underlying the ineffectiveness claim has arguable merit; 2) counsel's actions lacked any reasonable basis; and 3) counsel's actions resulted in prejudice to petitioner.

*Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). A reviewing court presumes counsel to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant's burden is to plead and prove each element of the test for ineffectiveness by a preponderance of the evidence. *Id.* Where it is clear that a petitioner has failed to satisfy any one prong of the test, this Court may dispose of the claim on that basis alone. *Commonwealth v. Steele*, 961 A.2d 786, 795 (Pa. 2008).

In his sole claim for relief, Appellant contends that his conviction resulted from the ineffectiveness of trial counsel in failing to ask for a polluted source instruction regarding witness Abdul Torrence (referred to as "Abdul" in the recitation of factual history). Appellant's brief at 12. Specifically, he maintains Abdul "was part and parcel of the shoot out that resulted in the shooting death of the victim, Kenneth Baptiste, and the wounding of Ebony Long and a bystander. It matters not whose side Abdul was on; it matters only that Abdul was committing a crime on the public street." Appellant's brief at 13. By firing his weapon, Abdul encouraged

others to return fire, and this criminal conduct warranted the corrupt and polluted source instruction. We disagree.

> "[I]t 'is well established that, in any case in which an accomplice implicates the defendant, the [judge] should instruct the jury that the accomplice is a corrupt and polluted source whose testimony should be considered with caution.'" ***Commonwealth v. Hanible***, 612 Pa. 183, 30 A.3d 426, 462 (2011) (citation omitted). A corrupt-source instruction is warranted where sufficient evidence is presented as to whether the witness is an accomplice. ***Commonwealth v. Williams***, 557 Pa. 207, 732 A.2d 1167, 1181 (1999). An individual is an accomplice if, with intent to promote or facilitate the commission of the offense, he solicits, aids, agrees, or attempts to aid another person in planning or committing the offense. 18 Pa.C.S. § 306(c)(1).

***Commonwealth v. Treiber***, 121 A.3d 435, 459 (Pa. 2015).

The record demonstrates that Abdul did not act as Appellant's accomplice in the commission of the crimes for which Appellant was on trial. A relative of Ebony Long's, Abdul was at the scene of the crime, but he was hiding behind a bush as Appellant and his fellow aggressors approached Ebony Long's house, and he soon found himself at the receiving end of gunfire directed toward Baptiste and Ebony. Abdul did not retrieve his firearm until Appellant and his cohorts opened fire. There was, therefore, no evidence from which the finder of fact could have reasonably inferred that Abdul was Appellant's accomplice, as he did not take part in Appellant's crimes. It follows, therefore, that Appellant was not entitled to a corrupt-source instruction, and his ineffectiveness of counsel claim fails for lack of arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2016