J-S29038-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOMMIE JONATHAN ELDER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1673 WDA 2015 |

Appeal from the PCRA Order October 6, 2015
in the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000236-2013

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:            FILED DECEMBER 22, 2017

This matter returns to us after the record was supplemented with the transcript of the hearing on the first Post Conviction Relief Act ("PCRA") petition filed by Appellant, Tommie Jonathan Elder. Appellant appeals from the order of the Jefferson County Court of Common Pleas dismissing his first PCRA petition as untimely. Appellant claims that he timely filed his first petition after he discovered prior counsel abandoned him. We agree and reverse.

On November 6, 2013, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse with a child.[1] That same day, the trial court sentenced him to ten to thirty years' imprisonment, as agreed to by

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(b).

the parties.[2] Appellant was represented by Richard H. Milgrub, Esq. at the

plea and sentencing proceedings.

The PCRA summarized the events that followed Appellant's sentencing.

> [On November 22, 2013, Appellant] sent a letter to [Attorney] Milgrub that read, "I am writing to inform you that I want you to withdraw my guilty plea. I am not guilty of the charges that are brought against me and I feel that I was pressured to accept my sentence."
>
> In response to [Appellant's] claim, [Attorney] Milgrub immediately sent letters to the Court and Public Defender's Office [on November 26, 2013,] explaining the situation and his intended course of action. [On November 27, 2013, Attorney Milgrub] also filed a nunc pro tunc motion seeking leave for [Appellant] to withdraw his guilty plea and a motion to withdraw as counsel and have [John M. Ingros, Esq., of] the Public Defender's Office appointed to the case. [That same day, Attorney Milgrub] sent a letter to [Appellant] explaining what he was doing and advising him to seek alternate representation. He further informed [Appellant] that he had only 30 days from the date of sentencing to file an appeal and concluded, "If I don't hear from you, I will file an appeal to protect your appellant [sic] rights and withdraw as your counsel shortly thereafter." [Appellant] did not respond.
>
> As the record reflects, [Attorney] Milgrub did not even allow time for [Appellant] to receive the letter before filing his motion to withdraw as counsel, and nor did he file a notice of appeal with the Clerk of Courts' Office. Appointed to represent [Appellant] just two days before his appeal

---

[2] See 18 Pa.C.S. § 3123(d)(1) (authorizing maximum sentence of forty years for a violation of Section 3123(b)). We note that the United States Supreme Court decided Alleyne v. United States, 133 S. Ct. 2151 (2013), on June 17, 2013, almost five months before Appellant entered his plea and was sentenced. The PCRA court suggested that Attorney Milgrub "presumably knew that 42 Pa.C.S.A. § 9718 dictated [the ten-year minimum sentence] but was unaware of the future implications [of Alleyne] . . . ." PCRA Ct. Op., 10/6/15, at 2.

period was set to expire, Attorney Ingros did not file one, either, as Milgrub had led him to believe it had already been done. Accordingly, [Attorney] Ingros only instructed his secretary to expect further direction from Superior Court.

After receiving a letter from [Appellant] in July of 2014, [Attorney] Ingros discovered that [Attorney] Milgrub had not filed a notice of appeal. Based on what [Appellant] told him in that initial missive, however, [Attorney] Ingros advised him that the [PCRA] was the more appropriate mechanism for seeking review. He also asked [Appellant] to more clearly articulate the issues he would raise if he went that route, and in letters dated October 13 and October 14, 2014, [Appellant] did precisely that. [Attorney] Ingros did not receive either one, though. He then forgot about the case until receiving [Appellant's] letter asking about the status of his PCRA petition. [Attorney] Ingros answered him on January 23, 2015, explaining that he had not received his earlier correspondence and asking him to reiterate his claims. He also noted that he would be requesting an extension of time to file a PCRA petition. [Appellant, on February 20, 2015,] replied with a hand-written letter outlining his complaints anew. He knew as he drafted it that Ingros was awaiting his reply before filing.

PCRA Ct. Op. at 2-3 (record citations omitted).

On June 29, 2015, the PCRA court received Appellant's first pro se PCRA petition.[3] Appellant alleged, inter alia, that Attorney Ingros was ineffective and abandoned him when he sought to file a facially timely PCRA petition. Additionally, Appellant asserted Attorney Milgrub was ineffective

---

[3] Although the PCRA Court received Appellant's pro se PCRA petition on June 29, 2015, the record does not establish when Appellant deposited his petition with prison officials for mailing. See Commonwealth v. Little, 716 A.2d 1287, 1289 (Pa. Super. 1998).

for failing to seek withdrawal of his plea or filing a direct appeal. The PCRA court appointed George N. Daghir, Esq., on July 7, 2015. On September 24, 2015, the court convened a hearing at which Appellant and Attorneys Milgrub and Ingros testified.[4] Additionally, the correspondence between Appellant and Attorneys Milgrub and Ingros were as presented exhibits.

On October 6, 2015, the PCRA court dismissed Appellant's petition as untimely. The PCRA court concluded that "[Attorney] Ingros's abandonment does not allow [Appellant] to take advantage of the § 9545(b)(1)(ii) exception, because it was not that abandonment that caused him to lose the opportunity to file a PCRA petition; it was his own lack of due diligence." See PCRA Ct. Op. at 5. The court found that by October 2014, Appellant was informed that the one-year time-bar for filing a PCRA petition would expire in early December 2014. Id. The court determined that Appellant had "approximately 8 weeks to file. Although he had not heard back from [Attorney] Ingros, however, he failed to inquire about the status of his case until it was already 7 days too late to file a timely petition. This was an unreasonable course of action." Id. The court thus suggested that Attorney Ingros's "actions evolved into abandonment" when he failed to file a facially timely PCRA petition, and Appellant "forfeited his PCRA rights." See id.

---

[4] At the PCRA hearing, the Commonwealth did not object to the timeliness of Appellant's pro se PCRA hearing and suggested that the PCRA court proceed to consider the merits of Appellant's ineffectiveness claims.

The PCRA court also considered whether Appellant acted within sixty days of the abandonment. Id. (discussing 42 Pa.C.S. § 9545(b)(2)). The court suggested that even if Appellant only discovered the abandonment after the period for filing a facially timely PCRA petition ended, the fact that he filed his pro se PCRA petition in June 2015 violated the requirement that he file within sixty days of the date he discovered or should have discovered the abandonment. Id. The court found Appellant's assertion that he could not have filed earlier due to a two-month prison lockdown was not credible or too vague to establish due diligence. Id. Thus, the court concluded Appellant failed to establish jurisdiction under the PCRA.

Appellant timely filed a notice of appeal and complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement.[5] The PCRA court filed a responsive opinion.

Appellant presents the following question for review:

> Did the [PCRA] court err in its [October 6, 2015] opinion and order, which dismissed [Appellant's] PCRA claim that abandonment of him by prior counsel entitled him to file a [PCRA] petition beyond one year from the date his judgment became final pursuant to 42 Pa.C.S.[ §] 9545(b)(1)(ii)?

Appellant's Brief at 4.

---

[5] As noted above, this Court previously remanded this matter for a determination of responsibility for the absence of the PCRA court hearing transcripts. The trial court found that a breakdown caused the failure to have the notes of testimony from the hearing transcribed. The court has supplemented the record with the transcripts.

Appellant contends the PCRA court erred in determining that he was aware that the deadline was jurisdictional in nature. Appellant asserts that he timely filed his petition because he continued to rely on Attorney Ingros's representation that counsel could obtain an extension of time for him and would file a PCRA petition on his behalf once counsel received a list of his claims. We conclude that Appellant is entitled to relief.

The standards governing our review are well settled.

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.

Commonwealth v. Blackwell, 936 A.2d 497, 499 (Pa. Super. 2007) (citations omitted).

The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. Commonwealth v. Davis, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

Commonwealth v. Marshall, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." Commonwealth v. Lawson, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

Generally, the ineffective assistance of counsel will not give rise to a PCRA time-bar exception. Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 785 (Pa. 2000). However, the Pennsylvania Supreme Court has recognized a limited "extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control"—that is, when the claim of ineffectiveness "emanates from the complete denial of counsel."

Commonwealth v. Bennett, 930 A.2d 1264, 1273 (Pa. 2007). Thus, a petitioner may state an exception under Section 9545(b)(1)(ii) "when counsel abandons his client for purposes of appeal." Id. The petitioner must demonstrate that he that the fact of the abandonment "were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" Id. at 274. Additionally, the petitioner must file a petition pleading the exception under Section 9545(b)(1)(ii) within sixty days of when the claim "could have been presented." Id. at 1272 n.11; Commonwealth v. Geer, 936 A.2d 1075, 1078 (Pa. Super. 2007).

Instantly, Appellant's judgment of sentence became final on December 6, 2013, when the time for taking a direct appeal expired. See 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 903(a). The one-year period for filing a facially timely PCRA petition ended Monday, December 8, 2014. See 42 Pa.C.S. § 9545(b)(1); 1 Pa.C.S. § 1908. Thus, Appellant's petition filed in late June 2015, nearly seven months later, was untimely on its face.

As to Appellant's efforts to have a PCRA petition filed on his behalf,[6] the PCRA court found, and we agree in part, that Attorney Ingros abandoned Appellant by failing to file a PCRA petition within the one-year time

---

[6] There is no dispute that Appellant pleaded a meritorious claim of abandonment in his direct appeal. Appellant averred that Attorney Milgrub, Appellant's retained counsel through post-sentencing proceedings, promised he would file a direct appeal on Appellant's behalf, but withdrew without perfecting an appeal. Attorney Ingros also did not file a timely direct appeal, believing Attorney Milgrub had done so.

limitation. However, our review of Attorney Ingros's conduct in this case merits further discussion.

At the outset, we note that the trial court did not enter an order appointing Attorney Ingros as post-sentence or direct appeal counsel, and there is no indication in the record that Attorney Ingros formally entered an appearance on behalf of Appellant. Nevertheless, Attorney Ingros sent a letter informing Appellant that he was counsel for the purpose of direct appeal. Thus, an attorney-client relationship arose.

Attorney Ingros' continued representation of Appellant after discovering that a direct appeal was not filed by Attorney Milgrub is more problematic. Appellant made clear his intention to seek a reinstatement of his direct appeal rights, and Attorney Ingros was Appellant's putative counsel at least two days before the direct appeal period lapsed. Therefore, Attorney Ingros was precluded from acting as PCRA counsel. See Commonwealth v. Spotz, 18 A.3d 244, 329 n.52 (Pa. 2011) ("to the extent that . . . PCRA attorneys are asserting their own ineffectiveness, such an assertion violates the general rule that counsel cannot argue his or her own ineffectiveness" (citation omitted)).

Attorney Ingros did not inform Appellant of this conflict. Instead, he told Appellant that a reinstatement of his direct appeal rights did not make sense and he needed to file under the PCRA. Attorney Milgrub instructed Appellant to send him the issues Appellant wished to raise with respect to

Attorney Milgrub's performance during the plea. This resulted in Appellant making several unsuccessful attempts to send Attorney Ingros his list of issues. By the time Appellant was able to contact Attorney Ingros with his issues, the one-year period to file a timely PCRA petition lapsed.

Although the PCRA court concluded that Attorney Ingros abandoned Appellant by failing to file a facially timely PCRA petition on December 8, 2014, Attorney Ingros's improper conduct continued beyond that time. Appellant contacted Attorney Ingros by a letter dated December 14, 2014, and Attorney Ingros responded on January 23, 2015. Rather than disclose the abandonment, Attorney Ingros continued to hold himself out as Appellant's counsel and asked Appellant to resubmit a list of his PCRA issues. Attorney Ingros represented that he would have to seek an extension of time from the PCRA court. Appellant sent a list of his issues to Attorney Ingros on February 20, 2015, which Attorney Ingros received. Attorney Ingros approached the court regarding an "extension of time," and the court directed Attorney Ingros to file a petition. Appellant's case, however, was lost amid Attorney Ingros's other work, and Appellant filed his pro se PCRA petition in late June 2015.

Thus, Attorney Ingros not only failed to file a facially timely PCRA petition, but also actively misrepresented his status as proper counsel, failed to inform Appellant of the jurisdictional nature of the PCRA time-limitations, and imparted a false impression that he would be able to obtain an

- 10 -

extension of time in which to file a PCRA petition. At no time did Attorney Ingros disclose his abandonment, and he proceeded under the mistaken assumption that he could obtain an extension of time up to the point Appellant filed his pro se PCRA petition. Indeed, Attorney Ingros continued to maintain that he intended to file a motion for extension of time at the time of the PCRA hearing.

Therefore, the PCRA court erred in focusing solely on Appellant's knowledge that Attorney Ingros did not file a PCRA petition as the operative previously unknown fact. Attorney Ingros actively misrepresented his status as counsel and his abandonment of Appellant throughout the history of this case. See Commonwealth v. Huddleston, 55 A.3d 1217, 1222 (Pa. Super. 2012) (discussing counsel's abandonment over four years and delay of almost one year between quashal of direct appeal nunc pro tunc and filing of PCRA petition, where counsel advise the petitioner of the quashal, and the petitioner acted promptly when informed of the quashal and need to file PCRA petition); accord Bennett, 930 A.2d at 1275 ("it is illogical to believe that a counsel that abandons his or her client for a requested appeal will inform his client that his case has been dismissed because of his own failures"). It is well settled that a PCRA petitioner is entitled to effective representation in his first PCRA proceeding. Here, Appellant was denied that opportunity by factors beyond his control.

Thus, under these unique circumstances, we conclude that Appellant acted with reasonable diligence in protecting his own rights. Appellant was entitled to believe that Attorney Ingros was his counsel and rely on his legal advice. In light of Attorney Ingros's continuing misrepresentations, we conclude that Appellant adequately proved that a timeliness exception under Section 9545(b)(1)(ii) and (b)(2) for June 29, 2015 PCRA petition. Therefore, we reverse the order dismissing Appellant's petition as untimely and remand for further proceedings to consider whether to reinstate Appellant's direct appeal rights or to consider his claims of ineffectiveness against Attorney Milgrub as plea counsel.

Order reversed. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/22/2017