J-S63039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT MORRIS, SR. | |
| Appellant | No. 2436 EDA 2015 |

Appeal from the PCRA Order July 7, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0502931-2004

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:  **FILED SEPTEMBER 21, 2016**

*Pro se* Appellant, Robert Morris Sr., is appealing from the order dismissing his second Post Conviction Relief Act[1] ("PCRA") petition. Appellant appears to argue that because someone tampered with his mail, his PCRA petition is timely.  We affirm.

We adopt the facts and procedural history set forth in the PCRA court's decision.[2]  PCRA Ct. Op., 10/13/15, at 1-3.  Appellant filed the instant, *pro se* PCRA form petition on February 23, 2015.  Appellant checked the box next to the entry stating that his petition was timely because interference by

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We acknowledge that an *en banc* Superior Court affirmed Appellant's convictions and mandatory life sentence on direct appeal.  **See Commonwealth v. Morris**, 958 A.2d 569, 572 (Pa. Super. 2008) (*en banc*).

governmental officials prevented him from raising the claim earlier. Appellant's *Pro Se* PCRA Pet., 1/23/15, at 2. Appellant did not further explain this alleged interference in his petition. On June 16, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice. Appellant did not respond, and the court dismissed the petition on July 7, 2015. Appellant timely appealed, and the court did not order Appellant to comply with Pa.R.A.P. 1925(b).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d

646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, Appellant has failed to plead and prove any of the three timeliness exceptions in his PCRA petition and therefore has not overcome the one-year timebar. *See id.*; ***Whitney***, 817 A.2d at 477-78. Appellant has failed to identify and explain the governmental interference. To the extent he appears to accuse the Commonwealth of withholding exculpatory testimony in a preliminary hearing transcript, he raised that issue in his prior PCRA petition. Appellant's PCRA Pet., 3/4/11, at 3-4. Accordingly, having discerned no abuse of discretion, we affirm the order below. ***See Wilson***, 824 A.2d at 833.

Order affirmed.

J-S63039-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2016

- 4 -

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA  :

    V.          CP-51-CR-0502931-2004 Comm. v. Morris, Sr, Robert  CP-51-CR- 0502931-2004
                                 Opinion

ROBERT MORRIS, SR.
PP# 815452



7356247311

PCRA APPEAL

**FILED**

DOCKET NO.: 2436 EDA 2015

OCT 13 2015

OPINION

Criminal Appeals Unit
First Judicial District of PA

Appellant, Robert Appellant Sr., appeals the dismissal of his petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9542, et seq. (PCRA). On July 7, 2015, following a thorough review, appellant's petition was dismissed without a hearing. A summary of the procedural history follows.[1]

On March 6, 2006, after a jury found appellant guilty of two counts of third degree murder arising from the death of his two children, appellant was sentenced to 20 – 40 years, followed by a mandatory term of life imprisonment pursuant to 42 Pa.C.S. § 9715(a).[2],[3] Post sentence motions challenging the weight of the evidence and requesting reconsideration of the mandatory life

---

[1] The facts from appellant's trial can be found in the Superior Court opinion affirming the judgment of sentence. (1018 EDA 2006)
[2] 18 Pa.C.S. §2502(c).
[3] 42 Pa.C.S. § 9715(a) ... any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

1

sentence were denied. On October 1, 2008, the Superior Court affirmed the judgment of sentence. Appellant's petition for allowance of appeal was denied on March 17, 2010. On March 4, 2011, appellant filed a timely pro se PCRA petition claiming that he was entitled to relief because of a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place; the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced, and because of the imposition of a sentence greater than the lawful maximum. PCRA counsel was appointed and, on January 28, 2013, filed a letter pursuant to Commonwealth v. Finley, 379 PA Super 390, 550 A.2d 213 (1988), indicating that she had reviewed the file, the notes of testimony, had communicated with appellant, and determined that the issues raised in appellant's pro se petition were meritless and her review revealed no other meritorious issues. On February 7, 2013, following the Court's independent review of appellant's claims and after determining that PCRA counsel's Finley letter was adequate, a Rule 907 Notice of Intent to Dismiss was filed and served on appellant along with counsel's Finley letter. On March 22, 2013, appellant's petition for PCRA relief was formally dismissed, and counsel was permitted to withdraw. On November 25, 2013, the Superior Court dismissed appellant's appeal of the dismissal for failure to file a brief.

2

On February 23, 2015, appellant filed this, his second petition for PCRA relief, claiming that he was entitled to relief because of a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place; the improper obstruction by government officials of his right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court; the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced, and because of the imposition of a sentence greater than the lawful maximum. Specifically, appellant alleged that Dr. Ian Hood was unfit to be an expert witness; that his constitutional right to a fair trial was violated because the District Attorney sought to keep the "preliminary transcripts" evidence from the jury; and that the Court's decision not to sequester the jury was error. After reviewing appellant's complaints, the record and the controlling law, the Court determined that appellant's petition for relief was untimely. Following proper notice, appellant's PCRA petition was formally dismissed on July 7, 2015. This appeal followed.

On an appeal from the denial of PCRA relief, the standard of review is limited to examining whether the ruling of the PCRA court is supported by the record and free of legal error. Commonwealth v. Pitt, 603 Pa. 1, 7, 981 A.2d 875, 878 (Pa. 2009). The petition must be timely, as the PCRA's timeliness restrictions are jurisdictional in nature and are to be strictly construed.

3

Commonwealth v. Abu-Jamal, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2008).

An otherwise untimely PCRA petition may be reviewed, when a petitioner invokes and pleads one of the exceptions provided in section 9545(b)(1), which provides in relevant part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2). It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. Commonwealth v. Blackwell, 2007 PA Super 314, 936 A.2d 497, 500 (Pa. Super. Ct. 2007). Appellant asserts that he overcomes the one year PCRA time limitation because the failure to raise these claims previously was the result of government interference. However, review of the record reveals that appellant raised these same claims

4

on appeal and in his first petition for PCRA relief.[4] Therefore, appellant's allegation of government interference with the presentation of his claims is meritless. The PCRA petition is untimely and appellant has failed to demonstrate that his petition meets any of the timeliness exceptions. Accordingly, the Court has no jurisdiction to address appellant's claims.

For the foregoing reasons, appellant's petition for post conviction relief was properly denied without a hearing.

BY THE COURT:

_____
SHEILA WOODS-SKIPPER, J.

---

[4] See 1018 EDA 2006 and 1203 EDA 2013.