J-S70020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL RINGGOLD | : | |
| | : | |
| Appellant | : | No. 1247 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 13, 2015
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003427-2014

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 22, 2019**

Darryl Ringgold appeals from the judgment of sentence entered following the reinstatement of his direct appeal rights *nunc pro tunc* via the Post Conviction Relief Act ("PCRA").[1] Because the PCRA court lacked jurisdiction to reinstate Ringgold's direct appeal rights, we reverse the order granting PCRA relief and remand for proceedings consistent with this memorandum.

Ringgold was convicted by a jury of persons not to possess firearms, possession of a controlled substance, and possession of drug paraphernalia.[2] On November 13, 2015, the trial court sentenced him to serve an aggregate

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A § 6105(a); 35 P.S. §§ 780-113(a)(16), and (a)(32).

of five to ten years' incarceration. Although Ringgold was represented by counsel, he filed a timely *pro se* post-sentence motion.[3] The trial court forwarded a copy of the *pro se* motion to Ringgold's counsel, but ordered the Commonwealth to respond to the motion. Some time after December 13, 2015, the Commonwealth filed a response to the motion, and the court scheduled a hearing. At the hearing, the court allowed Ringgold's trial counsel to withdraw, and appointed appellate counsel. As that counsel had a conflict of interest, the court later appointed new appellate counsel and granted that counsel leave to file amended post-sentence motions. Appellate counsel filed amended post-sentence motions on Ringgold's behalf in May 2016, approximately six months after his sentencing. The court denied the motions on their merits, and Ringgold appealed.

We quashed the appeal, because Ringgold's *pro se* post-sentence motion was a nullity[4] and his counseled post-sentence motion and notice of appeal were untimely. ***See Commonwealth v. Ringgold***, No. 1608 EDA 2016 (Pa.Super. filed Jan. 27, 2017) (unpublished memorandum). Ringgold did not seek allowance of appeal in the Pennsylvania Supreme Court.

---

[3] Ringgold mailed the motion from prison on November 16, 2015, and the court received it on November 27, 2015.

[4] ***See Commonwealth v. Reid***, 117 A.3d 777, 781 n.8 (Pa.Super. 2015) (*pro se* post-sentence motion while represented by counsel is legal nullity).

- 2 -

Over four months later, Ringgold filed a *pro se* PCRA Petition, which Ringgold claims to have mailed from prison on July 10, 2017.[5] The PCRA court appointed counsel, who filed an Amended Petition and a Second Amended Petition.

The Second Amended Petition asserted that Ringgold's trial counsel and appellate counsel had been ineffective *per se*. Ringgold claimed that at the conclusion of his sentencing hearing, his trial counsel had stated on the record that he would file a post-sentence motion on Ringgold's behalf, but failed to do so. Ringgold further alleged that appellate counsel had filed untimely post-sentence motions and notice of appeal, and failed to seek reinstatement of Ringgold's post-sentence rights *nunc pro tunc* via the PCRA. Ringgold therefore requested that the PCRA court reinstate Ringgold's right to file post-sentence motions.

Ringgold argued that his *pro se* July 2017 Petition was timely because his judgment of sentence became final on February 26, 2017, 30 days after we quashed Ringgold's untimely direct appeal, and Ringgold filed the Petition within a year of that date.

_____

[5] A copy of the *pro se* Petition is not included in the certified record. According to Ringgold's Amended Petition, "[t]he post-mark on the *pro se* Petition for Post-Conviction Relief indicates that it was mailed on [Monday,] July 10, 2017, and drafted on [Saturday,] July 8, 2017." Amended Petition, 9/15/17, at 8 n.5 (italics added). Meanwhile, the trial court docket indicates both that the Petition was filed on July 12 and hand delivered to the Clerk of Courts on July 14.

In the alternative, Ringgold contended that his *pro se* July 2017 Petition was timely under two of the timeliness exceptions, the governmental interference exception and the newly discovered facts exception,[6] because his failure to file a petition earlier "was the result of the ineffective assistance of counsel, and a breakdown in the legal system[.]" Second Amended Petition, 11/3/17, at 11. Ringgold alleged that his appellate counsel had not learned this Court had quashed his appeal until April 17, 2017, and that counsel sent a letter to Ringgold on that date. Ringgold asserted that prior to receiving the letter, he had asked counsel several times to check the status of his direct appeal, and counsel advised him "that he had not learned of the decision from the Superior Court." *Id.* at 11 n.9. Ringgold argued he had "exercised due diligence by contacting his legal counsel to inquire of the status of the direct appeal." *Id.*

Ringgold stated he did "not recall the exact date in which he received [counsel]'s letter dated April 17, 2017," and that he was unable to ascertain the date by examining the postage. *Id.* at 10 n.8. Ringgold asked the PCRA court to hold an evidentiary hearing to "make the factual determination as to when said letter was received by [Ringgold], and [previous counsel] can testify as to the process and procedure for mailing letters from his law office, and if he can recollect the date postage was affixed, and mailed to [Ringgold]." *Id.* Ringgold also argued that it was timely because counsel had failed to advise

---

[6] *See* 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii).

Ringgold that he had only 60 days from receipt of the April letter in which to file a PCRA petition.

Ringgold attached an affidavit by Ringgold's appellate counsel, in which counsel stated he did not receive our January 27, 2017 decision until he checked the online docket on April 17, 2017, and that he then "immediately" sent a letter to Ringgold advising him the appeal had been quashed. Affidavit, 6/5/17. Ringgold also attached a copy of the letter, which was dated April 17, 2017. In the letter, appellate counsel advised Ringgold that his appeal had been quashed but that he could file a PCRA petition within one year from the date his judgment of sentence became final. Counsel stated he would "have to research" whether Ringgold's judgment of sentence became final on January 27, 2017, when we quashed Ringgold's untimely direct appeal, or December 13, 2015, thirty days after Ringgold's sentencing, when his time to appeal his sentence had expired. Letter, 4/17/17, at 2. Counsel also advised Ringgold that "[i]n certain circumstances, petitions can be filed later [than one year], but immediate action is almost always required," and that Ringgold "must take immediate steps to either seek an attorney from the court, hire an attorney, or file a [*pro se*] PCRA petition in order to preserve any PCRA rights you may have." ***Id.***

The PCRA court granted Ringgold relief on the Second Amended Petition and entered an order authorizing Ringgold to file post-sentence motions *nunc pro tunc*. The PCRA court did not announce any decision regarding the timeliness of Ringgold's *pro se* Petition; its order stated only that it granted

the relief "upon consideration of the Second Amended Petition . . . and no opposition having been filed by the District Attorney." Order, 1/8/18.

Ringgold filed *nunc pro tunc* post-sentence motions on January 18, 2018. The court denied the motions on their merits on March 26, 2018, and Ringgold filed notice of the instant appeal.

We raise, *sua sponte*, the question of whether the PCRA court had jurisdiction to reinstate Ringgold's direct appeal rights *nunc pro tunc*. **Commonwealth v. Whitney**, 817 A.2d 473, 477 (Pa. 2003). The PCRA's timeliness requirements are jurisdictional, and a PCRA court may not consider the merits of an untimely petition or grant relief thereupon. **See** 42 Pa.C.S.A. § 9545(a); **Whitney**, 817 A.2d at 477. An order issued by a PCRA court without jurisdiction is a legal nullity. **Commonwealth v. Morris**, 771 A.2d 721, 735 (Pa. 2001).[7]

The PCRA requires that a petition be filed within one year of the date the judgment becomes final, unless one of three exceptions applies. **See** 42 Pa.C.S.A. § 9545(b)(1). Pursuant to the PCRA, "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3).

As our January 27, 2017 memorandum makes clear, Ringgold's judgment of sentence became final on December 13, 2015, 30 days after his

---

[7] As this matter was not addressed in Ringgold's brief, we issued a Rule to Show Cause directing Ringgold to advance why his PCRA Petition was not untimely. In his response, Ringgold reasserted the timeliness arguments contained in his Second Amended Petition and outlined above.

November 13, 2015 sentencing. *See Ringgold*, No. 1608 EDA 2016, unpublished memorandum at 3-4; *see also Commonwealth v. Dreves*, 839 A.2d 1122, 1126 (Pa.Super. 2003) (*en banc*) (stating that if defendant does not file timely post-sentence motion, notice of appeal must be filed within 30 days of sentencing). That date marked the expiration of time period in which Ringgold could have sought direct review, and Ringgold failed to file a timely, counseled post-sentence motion or notice of appeal before that date passed. Ringgold thereafter had one year, until December 13, 2016, to file a PCRA petition. His July 2017 PCRA Petition was facially untimely.

Ringgold asserted that his Petition qualified as timely under two of the exceptions to the one-year time bar. These exceptions provide that a petition is timely if it alleges and the petitioner proves that either

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; [or]

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(i), (ii). Ringgold has alleged that these exceptions apply because his ability to file a timely direct appeal was frustrated both by the actions of the trial court and the ineffectiveness of his trial counsel.

It has been duly established that when counsel's ineffectiveness in relation to the appeals process completely forecloses a defendant's ability to seek appellate review, such as counsel's failure to file timely post-sentence

- 7 -

motions, notice of appeal, or PCRA petition, this constitutes ineffectiveness *per se*, which qualifies as a discoverable "fact" for purposes of the timeliness inquiry under subsection (b)(1)(ii). **See Commonwealth v. Peterson**, 192 A.3d 1123, 1130-31 (Pa. 2018). Ringgold alleged his trial and appellate counsel failed to file timely post-sentence motions, a direct appeal, or a timely PCRA petition seeking reinstatement of appellate rights, thereby forfeiting any opportunity for Ringgold to seek review of his judgment of sentence. These failures qualify as *per se* ineffectiveness, and the date of Ringgold's discovery of the ineffectiveness may qualify his Petition as timely under the newly discovered facts exception.

In addition, when a breakdown in court operations results in a court's failure to timely or accurately inform a defendant of the entry of an appealable order or a change in the status of his representation, such that the defendant's ability to appeal is infringed, the circumstances may qualify as "governmental interference" under the exception provided for in subsection (b)(1)(i). **See, e.g., Commonwealth v. Smith**, 181 A.3d 1168, 1173 n.2 (Pa.Super.), *appeal denied*, 193 A.3d 344 (Pa. 2018); **Commonwealth v. Blackwell**, 936 A.2d 497, 502 (Pa.Super. 2007). Here, the trial court ordered the Commonwealth to respond to Ringgold's *pro se* post-sentence motion, even though it was a nullity and had not extended the appeal period. Then, after the 30-day appeal period had ended and the court no longer had jurisdiction, the court held a hearing on the *pro se* post-sentence motion, allowed Ringgold's trial counsel to withdraw, appointed new counsel, and specifically

authorized counsel to file untimely post-sentence motions, which the court then denied on their merits. The court's failure to recognize both that Ringgold's *pro se* post-sentence motion was a nullity and that the court was without jurisdiction to decide the untimely, counseled post-sentence motions interfered with Ringgold's ability to ascertain or promote a claim that counsels' *per se* ineffectiveness had foreclosed his ability to seek direct review. This amounted to government interference.

However, to avail himself of either timeliness exception, Ringgold was required to plead and prove that he filed his petition within 60 days of when he was able to first present his claim, and that he could not have presented the claim earlier through the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(2);[8] **Peterson**, 192 A.3d at 1130-31 (applying due diligence inquiry to newly discovered fact of counsel's ineffectiveness); **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001) (applying due diligence inquiry to government interference exception). Under the exception of subsection (b)(1)(ii), Ringgold was also required to plead and prove that the facts supporting his claim were previously "unknown" to him. 42 Pa.C.S.A. § 9545(b)(1)(ii).

Under the unique circumstances presented in this case, we conclude Ringgold could not have presented the claim that both trial and appellate

---

[8] This subsection has since been amended to allow a petitioner one year in which to file a petition. The amendment took effect on December 24, 2018, and was made to apply to all claims arising on or after December 24, 2017. As Ringgold's Petition was filed in July 2017, the amendment does not apply.

- 9 -

counsel were *per se* ineffective before this Court delivered its January 27, 2017 ruling. Even assuming Ringgold was contemporaneously aware of the actions of his trial and appellate counsel, Ringgold could not have filed a *pro se* PCRA petition alleging ineffectiveness while he was still represented by the counsel he claims was ineffective and while the his direct review was purportedly pending. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) (holding a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review). Moreover, because the date of a petitioner's diligent discovery is determinative, we have previously held that receipt of a letter from counsel notifying a petitioner his appeal was quashed due counsel's ineffectiveness can constitute a petitioner's "first opportunity . . . to seek relief" *via* a PCRA petition. **See Commonwealth v. Huddleston**, 55 A.3d 1217, 1222 (Pa.Super. 2012).[9]

However, a petitioner thus invoking a timeliness exception is still required to plead and prove that he filed his petition within 60 days of receiving notification of the status of his case. **See, e.g., Huddleston**, 55 A.3d at 1222 (holding second PCRA petition, based on ineffectiveness *per se*

---

[9] We do not presume *pro se* petitioners who have ostensibly been abandoned by counsel to have access to public records, including the decisions of this Court. **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017). In contrast, to invoke the third timeliness exception under subsection (b)(1)(iii), pertaining to an after-recognized constitutional right, a petitioner must file a petition within 60 days of the filing of the judicial decision on which the claim is premised; the date of the petitioner's actual knowledge of the decision and his due diligence are irrelevant. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1146-47 (Pa.Super. 2011).

of first PCRA counsel, timely when filed within 60 days of when petitioner received a letter from counsel explaining this Court quashed appeal because first PCRA petition was untimely); *Peterson*, 192 A.3d at 1130 (holding second PCRA petition, based on ineffectiveness *per se* of first PCRA counsel, timely when filed within 60 days of when petitioner received a copy of the order of this Court quashing the appeal of his first, untimely-filed PCRA petition). As a rule, a PCRA petition does not warrant an evidentiary hearing if the petitioner has not offered evidence to prove facts that will entitle him to relief. *Commonwealth v. Reid*, 99 A.3d 470, 501 n.26 (Pa. 2014). Rather, a hearing is conducted only "when necessary to offer the petitioner an opportunity to prove that which he already has asserted[.]" *Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012).[10]

Here, Ringgold did not file his Petition within 60 days of our January 27, 2017 ruling, but filed it at the earliest on July 10, 2017,[11] over five months later. Ringgold was therefore required to plead and prove that he exercised due diligence in discovering our decision and that he filed his Petition within 60 days of the date of his discovery. *See Burton*, 158 A.3d at 638. As he claims he mailed his Petition to the PCRA court on July 10, 2017, he was

---

[10] *See also Commonwealth v. Grove*, 170 A.3d 1127, 1149 (Pa.Super. 2017) ("An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim") (quoting *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013)).

[11] Although it is unclear from the record what date Ringgold filed his Petition, and the PCRA court made no factual finding on his issue, the earliest date alleged is July 10, 2017. *See* note 5, *supra*.

required to plead and prove that he discovered our decision no earlier than May 11, 2017.

Ringgold alleged he was unaware we had quashed his appeal until he received the letter from appellate counsel so stating, that appellate counsel mailed him the letter on April 17, 2017, and that he cannot recall when he received it. Ringgold did **not** allege that he received the letter on or after May 11, 2017. Nor has Ringgold offered to prove that he received the letter on or after May 11. Although Ringgold alleged appellate counsel would testify as to the mailing procedures utilized by his office, Ringgold did not allege that counsel would testify that the April 17 letter would not have reached Ringgold until May 11, several weeks after April 17, when Ringgold himself asserts it was sent.

These failings are fatal to his claim of timeliness. Although Ringgold argued that he exercised due diligence by contacting counsel several times prior to April 17, 2017, to determine the status of his appeal, this inquiry is irrelevant, as Ringgold has not alleged he filed his Petition within 60 days of receiving the April 17 letter.

Ringgold's argument that his Petition is timely because his counsel did not advise him to file a PCRA petition within 60 days of receiving the April 17 letter affords him no relief. First, counsel informed Ringgold that his judgment of sentence may have become final in 2015, over a year before the date of the letter, and urged Ringgold to take immediate steps to file a PCRA petition and secure PCRA counsel. Nowhere in the letter did counsel misadvise

Ringgold of the deadline to file a petition. In addition, the PCRA requires a petitioner to file a petition falling under a timeliness exception within 60 days of his ability to do so; it does not allow an untimely filing based on a petitioner's ignorance of this deadline. Ringgold offers no authority to support his position that his appellate counsel had an obligation to advise him regarding his PCRA rights after his direct appeal was quashed, or that the failure of counsel to provide this advice can toll the 60-day deadline imposed by the PCRA.

Ringgold has therefore failed to carry his burden to plead and prove a timeliness exception applies to his Petition. And, given the allegations in his Second Amended Petition, no evidentiary hearing was warranted. As Ringgold's Petition was untimely, the PCRA court was without jurisdiction to reinstate Ringgold's post-sentence rights, and the trial court was without jurisdiction to rule on Ringgold's untimely post-sentence motions.

We therefore reverse the order of January 8, 2018, granting PCRA relief, and remand the case so that the trial court may vacate the order of March 26, 2018 denying Ringgold's *nunc pro tunc* post-sentence motions on their merits.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/22/19</u>