J-S31002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYSHAWN EDWARDS | : | |
| | : | |
| Appellant | : | No. 546 WDA 2018 |

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008553-2011

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 03, 2019**

Appellant, Rayshawn Edwards, filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed Appellant's petition by order entered on December 21, 2017. Since no appeal of the December 21, 2017 order was taken, Appellant subsequently sought reinstatement of his PCRA appellate rights on March 8, 2018. Thereafter, on March 19, 2018, Appellant requested reconsideration of the order that denied reinstatement of his PCRA appellate rights. Ultimately, the PCRA court reinstated Appellant's PCRA appeal rights by order entered on March 29, 2018.

Upon review, we deem Appellant's March 8, 2018 reinstatement request to be a second PCRA petition. Because that petition was facially untimely and did not plead any exception to the PCRA's one-year time-bar, we conclude that the PCRA court lacked jurisdiction to award relief and we dismiss this appeal.

Appellant was found guilty of third-degree murder, aggravated assault, and recklessly endangering another person.[1] On July 21, 2012, the trial court sentenced Appellant to serve an aggregate term of 20 to 40 years in prison. We affirmed Appellant's judgment of sentence on July 29, 2014 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 23, 2016. **Commonwealth v. Edwards**, 105 A.3d 805 (Pa. Super. 2014) (unpublished memorandum) at 1-11, *appeal denied*, 135 A.3d 583 (Pa. 2016).

On May 18, 2017, Appellant's PCRA counsel (hereinafter "PCRA Counsel") filed a timely PCRA petition on Appellant's behalf. Within this petition, PCRA Counsel declared that he "intends to raise claims of ineffective assistance of counsel and potentially after discovered evidence" and requested that the PCRA court grant him "an extension of time of [90] days to file an amended petition." Appellant's PCRA Petition, 5/18/17, at 1-2 (some capitalization omitted). On June 6, 2017, the PCRA court granted PCRA Counsel an "extension of time to August 18, 2017" to file the amended PCRA petition. PCRA Court Order, 6/6/17, at 1.

On November 29, 2017, the PCRA court notified Appellant that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Order, 11/29/17, at 1; **see also** Pa.R.Crim.P. 907(1). As the notice declared, the court intended to dismiss the petition because: "[Appellant]

---

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), and 2705, respectively.

fail[ed] to file an amended [PCRA] petition by August 18, 2017, and [Appellant] fail[ed] to request an extension of time to file the petition." PCRA Court Order, 11/29/17, at 1 (paragraphing and some capitalization omitted).

Appellant requested a further extension of time to file the amended petition, which the PCRA court denied. *See* PCRA Court Order, 11/30/17, at 1. On December 5, 2017, PCRA Counsel filed an amended PCRA petition on Appellant's behalf. The amended PCRA petition asserted the following claims: 1) trial counsel was ineffective for failing to call Lashaya White as a witness and 2) the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." Appellant's Amended PCRA Petition, 12/5/17, at ¶¶ 39-50; 42 Pa.C.S.A. § 9543(a)(2)(ii) and (vi). As to the latter claim, Appellant averred that, after his trial, he spoke with three individuals and that all three of these individuals would testify that Appellant "could not have been the shooter in this matter." *Id.* at ¶¶ 44-50.

The PCRA court dismissed Appellant's petition on December 21, 2017. PCRA Court Order, 12/21/17, at 1. Appellant did not file a timely notice of appeal from this order.

On March 8, 2018, PCRA Counsel filed a "Petition for Reinstatement of Appellate Rights" on Appellant's behalf. The petition requested that the court reinstate Appellant's PCRA appellate rights and alleged:

> Within counsel moved offices in November, 2017. Despite updating his address with AOPC, the Disciplinary Board and

- 3 -

> Allegheny County Court Administration some mail continued
> to be delivered to counsel's prior address.
>
> Counsel's mail forwarding has been inconsistent, and counsel
> did not receive a copy of the court's order dismissing the
> amended petition.

Appellant's "Petition for Reinstatement of Appellate Rights," 3/8/18, at 1-2

(paragraph numbering and some capitalization omitted).

On March 8, 2018, the PCRA court denied Appellant's petition. However,

on March 19, 2018, PCRA Counsel filed a motion for reconsideration on

Appellant's behalf and claimed that Appellant was entitled to relief because:

> [PCRA] Counsel's failure to perfect [Appellant's] appellate
> rights constitutes ineffective assistance of counsel as [PCRA
> C]ounsel should have been diligent in monitoring the docket
> for [the PCRA court's] order denying [Appellant's] amended
> petition and/or response to notice.

Appellant's "Petition for Reconsideration," 3/19/18, at 1 (some capitalization

omitted).

On March 29, 2018, the PCRA court entered an order that granted

Appellant's Petition for Reconsideration and reinstated Appellant's PCRA

appellate rights. PCRA Court Order, 3/29/18, at 1. Appellant then filed a

notice of appeal on April 16, 2018. We must vacate the PCRA court's March

29, 2018 order and dismiss this appeal.

The PCRA contains a jurisdictional time-bar, which is subject to limited

statutory exceptions. This time-bar demands that "any PCRA petition,

including a second or subsequent petition, [] be filed within one year of the

date that the petitioner's judgment of sentence becomes final, unless [the]

petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final at the end of the day on June 21, 2016, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and when Appellant's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S.Sup.Ct.R. 13(1). Appellant then had until

June 21, 2017 to file a facially timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1).

In the case at bar, Appellant initially filed a timely PCRA petition on May 18, 2017. However, the PCRA court dismissed this petition on December 21, 2017 and Appellant did not file a timely notice of appeal from this dismissal. Instead, on March 8, 2018, Appellant filed a "Petition for Reinstatement of Appellate Rights," where he requested the reinstatement of his PCRA appellate rights.

However, Appellant's "Petition for Reinstatement of Appellate Rights" sought relief available under the PCRA and, thus, the petition constitutes a second PCRA petition. *See Commonwealth v. Blackwell*, 936 A.2d 497, 501 (Pa. Super. 2007) ("[a]lthough [the petitioner's] request for *nunc pro tunc* restoration of his PCRA appellate rights was improper [in] form, our courts have consistently treated such requests as a PCRA petition"); *Commonwealth v. Fairiror*, 809 A.2d 396, 391 (Pa. Super. 2002) (holding that, generally, "requests for reinstatement of appellate rights, including PCRA appellate rights," are PCRA petitions that "must meet the timeliness requirements of the PCRA"); *see also Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007) ("[t]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment"). Thus, Appellant could only obtain relief from his "Petition for Reinstatement of Appellate Rights" through the PCRA – and Appellant could only do so by complying with the PCRA's timing requirements. *See*

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) ("[a]s [a]ppellant's claim falls under the PCRA, he can only find relief under the PCRA's strictures"); *Fairiror*, 809 A.2d at 397.

Appellant's "Petition for Reinstatement of Appellate Rights" was facially untimely under the PCRA, as it was filed more than one year after Appellant's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Moreover, within the petition, Appellant did not plead any exception to the one-year time-bar. *See id.*; Appellant's "Petition for Reinstatement of Appellate Rights," 3/8/18, at 1-2; Appellant's "Petition for Reconsideration," 3/19/18, at 1; *see also Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) ("there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel"). "Thus, because Appellant's second PCRA petition was untimely, the PCRA court had no jurisdiction to grant reinstatement of [Appellant's] PCRA appellate rights." *Fairiror*, 809 A.2d at 399. We, therefore, vacate the PCRA court's March 29, 2018 order, which granted Appellant's Petition for Reconsideration and reinstated Appellant's PCRA appellate rights, and we dismiss this appeal.

PCRA court's March 29, 2018 order vacated. Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

- 7 -

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/3/2019