J-S14005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DALE SHELTON | : | |
| | : | |
| Appellant | : | No. 678 WDA 2021 |

Appeal from the PCRA Order Entered May 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016217-2008

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: AUGUST 12, 2022**

Dale Shelton appeals from the order dismissing as untimely his third Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand for further proceedings.

A jury convicted Shelton of third-degree murder, attempted homicide, aggravated assault, firearms not to be carried without a license, and six counts of recklessly endangering another person.[1] **See Commonwealth v. Shelton**, No. 412 WDA 2013, 2014 WL 10805917 (Pa.Super. 2014) (unpublished memorandum). The trial court sentenced Shelton to an aggregate term of 25-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 901(a), 2702(a)(1), 6106, and 2705, respectively.

51 years' incarceration. We affirmed the judgment of sentence,[2] and the Supreme Court of Pennsylvania denied Shelton's petition for allowance of appeal in December 2014.

Shelton filed a timely PCRA petition *pro se* in 2015. The PCRA court appointed counsel, who amended the petition. The court issued notice of its intent to dismiss the petition without a hearing and Shelton's counsel filed a response. However, Shelton thereafter filed a motion to proceed *pro se*, seeking to add claims to his petition. The court dismissed the PCRA petition and scheduled a **Grazier**[3] hearing, directing counsel to "continue to represent Mr. Shelton including the perfection of his appeal from the order dismissing his PCRA." PCRA Ct. Order, filed Oct. 26, 2016.

Counsel filed an appeal, and following the **Grazier** hearing, the PCRA court permitted Shelton to proceed *pro se*. Despite the pendency of the appeal, Shelton moved to amend his PCRA petition, and the PCRA court granted the motion. Shelton subsequently discontinued his appeal and filed an amended petition.

The court gave notice of its intent to dismiss the amended petition without a hearing, and in January 2018, it issued an order dismissing it as untimely. The court issued an accompanying opinion characterizing the case

---

[2] We dismissed Shelton's initial direct appeal due to his counsel's failure to file a brief. Shelton obtained relief under the PCRA and filed a second direct appeal *nunc pro tunc*.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

as involving "a perfect storm of circumstances" that "led to a rather confusing procedural history," and stating it had "admittedly" "been more than a bit player" in that "confusing procedural history." PCRA Court Opinion, filed Jan. 4, 2018, at 1 (unpaginated). The court explained that the order granting Shelton leave to amend his PCRA petition was "null and void" because once counsel filed the notice of appeal, the PCRA court lost jurisdiction to allow such an amendment. *Id.* at 2.

Shelton again appealed. We agreed with the PCRA court that it had lacked jurisdiction to allow Shelton to amend his PCRA petition once an appeal relating to that same petition was pending. *See Commonwealth v. Shelton*, No. 174 WDA 2018, 2019 WL 7212392, at *4 (Pa.Super. 2019) (unpublished memorandum). Because the discontinuance of the appeal concluded the litigation of that petition, we determined that the amended petition was properly treated as a second PCRA petition. *Id.* We then concluded that the second petition was untimely. We explained that it was filed more than one year after Shelton's judgment of sentence had become final,[4] and Shelton had not pleaded any exception to the time-bar. *See id.* at *5. We thus affirmed the dismissal, despite "the obvious breakdown in administrative judicial functions that occurred in this case." *Id.* at *5 n.5, *6. We observed that "it makes perfect sense that [Shelton] advanced no argument concerning the

---

[4] Shelton's judgment of sentence became final on March 11, 2015. *See Shelton*, No. 174 WDA 2018, 2019 WL 7212392, at *5 n.4; 42 Pa.C.S.A. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review").

timeliness of his second PCRA petition, as he obviously believed—with good cause—that he was legitimately granted leave to amend his first PCRA petition." *Id.* at *5 n.5. Our decision was filed in December 2019.

Approximately seven months later, in July 2020, Shelton filed the instant PCRA petition, *pro se*. He claimed the governmental interference exception applied because the PCRA court had misadvised him that he would be able to amend his first PCRA petition. After issuing notice of its intent to dismiss, and after considering Shelton's and the Commonwealth's answers, the PCRA court dismissed the petition as untimely. It found Shelton had waived the application of the governmental interference exception by failing to plead it in his second PCRA petition. The court added that Shelton could not blame this failure on ineffective assistance of counsel, as Shelton had been representing himself, and that the governmental interference exception did not apply because the PCRA court had not violated the federal or state constitution or any other law. *See* PCRA Court Opinion, filed Oct. 4, 2021, at 5-6.

Private counsel entered his appearance and filed a timely notice of appeal. Shelton's sole issue challenges the conclusion that he failed to invoke the governmental interference exception: "Was the governmental interference exception at 42 Pa.C.S.A. § 9545(b)(1)(i) satisfied where the PCRA Court played an admitted role in interfering in [Shelton's] post-conviction proceedings, which denied [Shelton] a fair adjudication of his claims[?]" Shelton's Br. at 1-2.

- 4 -

Shelton argues that he properly pleaded the governmental interference exception in his instant petition. He claims he never received notice of the court's 2016 notice of intent to dismiss his first PCRA petition, nor a copy of his counsel's response. ***Id.*** at 13-14. He argues he was therefore unaware that his petition was already in the process of being dismissed and appealed when he filed his motion to proceed *pro se* for the purposes of adding claims. He also states he was unaware he would be unable to amend his petition following the ***Grazier*** hearing due to the commencement of the appeal. ***Id.*** at 14. He argues, "Given the procedural quagmire in which [he] found himself, this Honorable Court should not fault him for not requesting an extension of time to file the Notice of Appeal, instead expecting to amend his first PCRA petition *pro se*." ***Id.*** (italics added).

In support, Shelton cites ***Commonwealth v. Blackwell***, 936 A.2d 497, 502 (Pa.Super. 2007). He claims that there, this Court found the governmental interference exception applied when the PCRA court's erroneous notification to the appellant regarding the status of his representation prevented him from timely pursuing his claims. He asserts that here, as in ***Blackwell***, "even a well-versed petitioner would have been confused by the events that transpired" after the court issued notice of its intent to dismiss his first PCRA petition. ***Id.*** (quoting ***Blackwell***, 936 A.2d at 502).

"Our standard of review is well settled." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA

petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Id.** (citation omitted).

Timeliness is a jurisdictional prerequisite to obtaining PCRA relief. For a petition to be considered timely, the petitioner must either file it within one year of the date the judgment of sentence became final or plead and prove a statutory exception to the one-year requirement. **Id.**; 42 Pa.C.S.A. § 9545(b).

Shelton argues his petition is timely under the governmental interference exception. This exception applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). A petition alleging the governmental interference exception must be filed within one year of the date the petitioner could have first presented it. **Id.** at (b)(2). A PCRA court's missteps that thwart a petitioner's ability to advance claims in a timely manner may meet the governmental interference exception. **See Commonwealth v. Smith**, 181 A.3d 1168, 1173 n.2 (Pa.Super. 2018); **Blackwell**, 936 A.2d at 500; **Commonwealth v. Rosario**, No. 5 EDA 2020, 2021 WL 2395904 at *6 (Pa.Super. 2021) (unpublished memorandum).[5]

---

[5] Unpublished decisions of this Court filed after May 1, 2019, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); **see also** 210 Pa. Code § 65.37(B).

As we noted in our previous decision in this case, an "obvious breakdown in administrative judicial functions" deprived Shelton of his procedural rights under the PCRA in relation to his first petition. *Shelton*, 2019 WL 7212392, at *5 n.5. When the PCRA court dismissed Shelton's initial petition, it ordered counsel to continue representing Shelton "including the perfection of his appeal from the order dismissing his PCRA." It entered the order before it ruled on Shelton's motion to proceed *pro se*—which he had filed for the express purpose of adding claims to the petition. In so doing, the court prevented Shelton from making his *pro se* motion for leave to amend that petition while it still had jurisdiction over it. Then, while the appeal was pending, the court erroneously instructed Shelton that he could amend the petition.[6]

We also noted, in our previous decision, that following these events, Shelton failed to plead the governmental interference exception in what he styled as an amended petition, which we treated as a second petition. We stated that Shelton evidently did not plead the exception because he had good cause to believe that he was simply amending his first petition and that he was entitled to do so. This was so in view of the PCRA court's order allowing the amendment after it had already dismissed the petition and after counsel had taken the appeal. *Id.*

---

[6] The court's erroneous instruction resulted in Shelton discontinuing the appeal of his first petition. However, Shelton does not seek reinstatement of the appeal of his first petition or review of the claims advanced by counsel in his first PCRA petition.

Given this sequence of events, it was not until January 2018, after the PCRA court dismissed his second petition as untimely and explained its reasoning in an accompanying opinion, that Shelton had reason to know of the governmental interference at issue. However, Shelton could not file a new PCRA petition at that time, pleading the governmental interference exception, due to the pending appeal of his "second" petition. Therefore, Shelton filed the instant petition, invoking the governmental interference exception, after the appeal had concluded and jurisdiction had returned to the PCRA court. As he filed it within a year of the conclusion of the appeal of his "second" petition, the instant petition is timely. *See Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa.Super. 2019) ("Where a prior petition is pending on appeal, a subsequent petition must be filed within [one year] as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented"). We therefore vacate the order dismissing the petition as untimely and remand for the PCRA court to consider Shelton's substantive claims.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/12/2022